**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
Jake Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: jschulte@nicholaslaw.org

Attorneys for Plaintiff,
ALICE WILBURG

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE WILBURG, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>IVUEIT, LLC an Ohio limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:24-cv-02642-AMO<br><br>**SUPPLEMENTAL BRIEFING (PER DKT. 38) IN SUPPORT OF PLAINTIFF ALICE WILBURG'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Date**: September 18, 2025<br>**Time**: 2:00 p.m.<br>**Courtroom**: 10<br><br>**Judge**: Hon. Araceli Martínez-Olguín<br><br>**Case Removed**: April 26, 2024<br>**Trial Date**: Not Set |

Pursuant to the Court's Order Requiring Supplemental Briefing & Continuing Hearing, Dkt. 38, Plaintiff Alice Wilburg respectfully submits the following supplemental briefing in support of her Motion for Preliminary Approval of Class Action Settlement, Dkt. 36, to comply with Section 11 of the Procedural Guidance for Class Action Settlements for the Northern District of California.

## I. CHART OF COMPARABLE CASES

|  | **DoorDash**[1] | **Uber**[2] | **Handy**[3] |
|---|---|---|---|
| **Section 11(a)** | | | |
| *Claims Released* | Final Approval Order does not specify and we cannot locate the underlying Settlement Agreement in this case. It is a class and PAGA settlement so Plaintiff presumes it releases all class/PAGA claims asserted in the action. | The PAGA release is for "any and all PAGA Claims as defined in the ASA that arose or may be alleged to have arisen at any time from July 8, 2013 up to and including January 29, 2017. Specifically . . . the PAGA Settlement Group Members, will release Defendants from liability for any and all claims for civil penalties related to alleged driver misclassification." | This is not explicitly addressed in the Final Judgment, however, the claims at issue that were resolved were UCL claims related to (1) violation of automatic purchase renewal law; and (2) misclassification of gig employees in smartphone application company that offers home cleaning and handyman services. |
| *Total Settlement Fund* | $100,000,000 [$12,500,000 of the total fund allocated to PAGA] | $7,750,000 | $4,800,000 in restitution to allegedly misclassified workers; $1,200,000 in civil penalties payable to the City Attorneys who brought the case. |

---

[1] *Daniel Marko v. DoorDash, Inc.,* Los Angeles Superior Court, Case No. BC659841. The *DoorDash* Final Approval Order and Judgment, dated January 13, 2022, is attached as Exhibit 6 to the Markley Declaration. *See* Dkt. 36-7.

[2] *Steven Price v. Uber Technologies, Inc.,* Los Angeles Superior Court, Case No. BC554512. The *Uber* Order Granting Approval of PAGA Settlement and Judgment, dated January 31, 2018, is attached as Exhibit 4 to the Markley Declaration. *See* Dkt. 36-5.

[3] *The People of the State of California v. Handy Technologies, Inc.,* San Francisco Superior Court, Case No. CGC-21-590442. The *Handy* Stipulation for Entry of Stipulated Final Judgment and Permanent Injunction, dated April 5, 2023, is attached as Exhibit 8 to the Supplemental Declaration of Shaun Markley submitted herewith.

|  | **DoorDash**[1] | **Uber**[2] | **Handy**[3] |
|---|---|---|---|
| **Section 11(a)** | | | |
| *Total Number of Class Members* | ~ 970,000 drivers | ~ 1.5 million drivers | ~ 25,0000 service workers |
| *Total Number of Class Members to Whom Notice Was Sent* | ~ 970,000 drivers | N/A. PAGA-only settlement. | ~ 25,0000 service workers |
| *Method(s) of Notice* | Email and Postal Mail | N/A. PAGA-only settlement. | Email |
| *Number & Percentage of Claim Forms Submitted* | Not a claims made settlement. | N/A. PAGA-only settlement. | Not a claims made settlement. Restitution class only provided option to submit an opt-out request. |
| *Average Recovery Per Class Member or Claimant* | The value per class member of the *gross* settlement amount attributable to PAGA is less than $13.00; it is unclear how allocation works based on the order available.<br><br>Taking the total gross settlement value for class and PAGA recovery in this case, the recovery per class member is just over $100. | ~ $5.00 | Varied based on pro rata calculation of number of scheduled job hours each restitution class member worked. Assuming no variation, the average recovery was around $192 [$4.8 million / 25,000 workers] |
| *Amount Distributed to Cy Pres Recipients* | Not readily ascertainable after a diligent search and reasonable inquiry. | N/A. PAGA-only settlement. | None. |
| *Administrative Costs* | $1,400,000 | $775,000 | $100,000 |

|  | **DoorDash**[1] | **Uber**[2] | **Handy**[3] |
|---|---|---|---|
| **Section 11(a)** | | | |
| *Attorneys' Fees & Costs* | $20,000,000 | $2,325,000 | Not recoverable in public enforcement UCL action. *See People ex rel. City of Santa Monica v. Gabriel*, 186 Cal.App.4th 882, 891 (2010). There was, however, the $1,200,000 paid as civil penalties to the City Attorneys involved. |
| *Total Exposure if Plaintiffs Had Prevailed on Every Claim* | Not readily ascertainable from the documents we obtained. | Disputed. Ranging from nothing (according to Uber) to over $121 billion (according to Plaintiffs). | Not readily ascertainable after a diligent search and reasonable inquiry. |
| *Non-monetary relief, such as discount coupons or debit cards or similar instruments* | None. | None. | None. |
| *Benefit Incurred on the Class Where Injunctive or Non-Monetary Relief Obtained* | None. | None. | With respect to Handy's future treatment of workers, Handy agreed to a permanent injunction on a variety of topics regarding things like permitting workers to set their own rates and, after claiming jobs, workers may contact customers to learn more about the requested service and negotiate its terms (like hours and pay) without being contractually bound to perform the work or penalized by Handy for rejecting a job opportunity. |

/ / /

/ / /

## II. ANALYSIS OF THE COMPARABLE CASES

The Court observed that Plaintiff has provided analysis of the above-mentioned comparable cases in her preliminary approval motion. *See* Dkt. 38 ("While Plaintiff's motion discusses several comparable cases, *see* ECF 36 at 19-20, it does not include all information required in Section 11(a)."); and *see* Dkt. 36, § VI(A)(2)(b); Dkt. 36-1, ¶¶ 20-22, Exhs. 4-7. As noted in the initial moving papers, the value of this case is stronger per class member than the prior DoorDash and Uber gig economy settlements and is closer to the value that City Attorneys secured against Handy (another gig economy company).

Respectfully submitted:

Dated: August 8, 2025                                   **NICHOLAS & TOMASEVIC, LLP**

By:    */s/ Shaun Markley*
       Craig M. Nicholas (SBN 178444)
       Shaun Markley (SBN 291785)
       Jake Schulte (SBN 293777)
       225 Broadway, 19th Floor
       San Diego, California 92101
       Tel: (619) 325-0492
       Fax: (619) 325-0496
       Email: cnicholas@nicholaslaw.org
       Email: smarkley@nicholaslaw.org
       Email: jschulte@nicholaslaw.org

       Attorneys for Plaintiff ALICE WILBURG