UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALICE WILBURG, an individual, on behalf of herself and all others similarly situated,

Plaintiff,

v.

IVUEIT, LLC, an Ohio limited liability company; and DOES 1 through 20, inclusive,

Defendants.

CASE NO. 4:24-cv-02642-AMO

~~Hon. Araceli Martinez-Olguin~~

**[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

Hon. Robert M. Illman

**ORDER**

Plaintiff has filed a Motion for Preliminary Approval of the Settlement reached with Defendant iVueit, LLC. The Court has carefully considered the Class and PAGA Action Settlement Agreement and Release ("Settlement Agreement") together with all exhibits thereto, all the filings related to the Settlement, the arguments of counsel, and the record in this case. The Court hereby gives its preliminary approval of the Settlement; finds that the Settlement and Settlement Agreement are sufficiently fair, reasonable and adequate to allow dissemination of notice of the Settlement to the Class Members and PAGA Workers and to hold a final approval hearing on the Settlement; orders the Class Notice (as defined below) be sent to the Class Members and PAGA Workers in accordance with the Settlement Agreement and this Order; and schedules a final approval hearing to determine whether the proposed Settlement is fair, adequate and reasonable.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement attached as Exhibit 1 to the Declaration of Shaun Markley in Support of Plaintiff's Motion for Preliminary Approval of Settlement is hereby incorporated by reference in this Order, and all capitalized terms or phrases used in this Order that are not defined herein shall have the same meaning as in the Settlement Agreement.

2. The Court finds that the terms of the Settlement preliminarily appears to be fair, reasonable, and adequate, and within the range of possible approval and sufficient to warrant providing notice to the Class, when balanced against the probable outcome of further litigation, given the risks relating to liability and damages. It further appears that investigation and research has been conducted such that counsel for the Parties are reasonably able to evaluate their respective positions. It further appears to the Court that the Settlement will avoid substantial additional costs by all parties, as well as the delay and risks that would be presented by the further prosecution of the Action, and that it will provide substantial benefits to the Class going forward. It appears that the Settlement has

been reached as a result of intensive, arm's-length negotiations utilizing an experienced third-party neutral mediator.

3. The Court certifies, for settlement purposes only, the following Class: "all Persons who are California residents as reflected in PayPal's data and who were paid through PayPal for inspection work, site photograph services work, and/or other Vue related work at any time during the Class Period and that was sourced through the iVueit App." The term "Person" means any individual, corporation, partnership, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity. The term "Class Period" means the period from March 21, 2020 through the date that the Court enters this Order, inclusively. The Class excludes any Persons, if any, otherwise within the preceding definition if treated by Defendant as an employee.

4. For settlement purposes only, the Court appoints Plaintiff Alice Wilburg as representative of the Class.

5. For settlement purposes only, the Court designates as Class Counsel Craig M. Nicholas, Shaun Markley and Jake W. Schulte of Nicholas & Tomasevic, LLP. The Court preliminarily finds that, based on the work Class Counsel has done identifying, investigating, and prosecuting the claims in this action; Class Counsel's experience in handling class actions and claims; Class Counsel's knowledge of the applicable law; and the resources Class Counsel has and will commit to representing the class, that Class Counsel has represented and will represent the interests of the Class fairly and adequately.

6. CPT Group, Inc. is appointed as the Settlement Administrator and shall administer the Settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.

7. The Court hereby conditionally certifies the proposed Class and conditionally finds that, solely for the purposes of approving this Class Settlement and for no other purpose and with no other effect on this litigation, the proposed Class meets the requirement for certification under Rule 23(a) of the Federal Rules of Civil Procedure including that: (a)

the proposed Class is sufficiently numerous so that joinder of all members is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) Plaintiff's claims are typical of the claims of the proposed Settlement Class; and (d) Plaintiff and her Counsel will fairly and adequately protect the interests of the proposed Class. Additionally, the Court finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the proposed Class meets the requirement for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure including that: (a) questions of law or fact common to proposed Class Members predominate over any questions affecting individual members of the proposed Class; and (b) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

8. The Court hereby grants preliminary approval of the PAGA Settlement, including the settlement and release of the Released PAGA Claims, as defined in the Settlement Agreement, with the following terms: The payment of Fifty Thousand Dollars and Zero Cents ($50,000.00) from the Gross Settlement Fund to resolve the Released PAGA Claims ("PAGA Payment"). Thirty-Seven Thousand Five Hundred Dollars and Zero Cents ($37,500.00), which is seventy-five percent (75%) of the PAGA Payment, to be paid to the LWDA. The remaining Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00), which is twenty-five percent (25%) of the PAGA Payment, to be distributed to the PAGA Workers. Each PAGA Worker will receive a share of this amount calculated as follows: The portion of the PAGA Payment allocated to PAGA Workers shall be divided by sum of all amounts paid through PayPal during the PAGA Period to all PAGA Workers. The resulting fraction shall be multiplied by the PAGA Worker's total amount paid through PayPal during the PAGA Period. PAGA Workers will not have the opportunity to opt out of, or object to the PAGA Payment and settlement and release of the Released PAGA Claims. The payment to the LWDA and the PAGA Workers shall be made in accordance with the Settlement Agreement.

9. The Court hereby approves, as to form and content, the Notice of PAGA and Class Action

Settlement (the "Class Notice") in substantially the form attached as Exhibit A to the Settlement Agreement. The Court finds that the distribution of the Class Notice in accordance with the Settlement Agreement meets the requirements of due process and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

10. The Court approves the procedures set forth in the Settlement Agreement and the Class Notice for exclusions from and objections to the Class Settlement.

11. Any Class Members who wish to opt out from the Class Settlement must do so within 45 days of the Notice Date and in accordance with the terms of this Preliminary Approval Order, the Agreement, and the Class Notice.

12. Any Class Members who wish to object to the Class Settlement must do so within 45 days of the Notice Date, or appear at the Final Approval Hearing, in accordance with the terms of this Preliminary Approval Order, the Agreement, and the Class Notice.

13. A Settlement Class Member and/or PAGA Worker may seek to challenge his or her estimated Individual Settlement Payment amount and PAGA Worker Payment amount set forth in his or her Class Notice. Any PAGA Worker and/or Class Members who wish to make such challenge must do so within 45 days of the Notice Date and in accordance with the terms of this Preliminary Approval Order, the Agreement, and the Class Notice.

14. The Court directs that a final approval hearing be scheduled for March 16, 2027 at 11:00 a.m. ~~p.m.~~ (the "Fairness Hearing" or "Final Approval Hearing") to assist the Court in determining whether the Settlement is fair, reasonable and adequate; whether Judgment should be entered in this Action; whether Class Counsel's application for fees and expenses should be approved; and whether Class Counsel's request for a Enhancement Award to Plaintiff should be approved. Plaintiff shall file a Motion for Attorney's Fees, Costs, and Class Representative Enhancement Award no later than 35 days before the Final Approval Hearing. Plaintiff shall file a Motion for Final Approval of Class Action Settlement no later than 35 days before the Final Approval Hearing.

15. The Court hereby preliminarily approves the Settlement, including the plan of allocation of the Class portion of the Gross Settlement Fund as described in the Settlement.

16. Neither the Settlement, nor any exhibit, document or instrument delivered thereunder shall be construed or interpreted as or deemed to be evidence of an admission or concession by Released Parties (a) of any liability or wrongdoing by Released Parties, (b) of the appropriateness of certifying a class for purposes of litigation, (c) that Plaintiff's claims may properly be prosecuted on a class or representative basis, (d) that any arbitration agreement maintained by Released Parties is unenforceable, or (e) of the truth of any allegations asserted by Plaintiff, members of the Class, PAGA Workers, or any other person. The Settlement and this Preliminary Approval Order shall have no impact on the validity or enforceability of the arbitration agreements entered by the Class Members/PAGA Workers, and the settlement shall not prejudice Defendant or the Released Parties from seeking to enforce such arbitration agreements.

17. If the Settlement is not finally approved, or the Effective Date does not occur, or the Settlement is terminated under its terms, then: (a) the Settlement shall be without force and effect upon the rights of the Parties hereto, and none of its terms shall be effective or enforceable; (b) the Parties shall be deemed to have reverted nunc pro tunc to their respective status as of the day immediately before the Parties entered into the Settlement Agreement, with the Parties to meet and confer regarding any discovery or case management deadlines that were pending at the time the Parties stayed litigation to; (c) Defendant and/or Released Parties shall not be obligated to pay any amount of the Gross Settlement Fund and shall be refunded any amounts paid pursuant to the Agreement but not yet spent or disbursed; (d) all Orders entered in connection with the Settlement, including the certification of the Class, shall be vacated without prejudice to any Party's position on the issue of class certification, or any other issue, in this Action or any other action, and the Parties shall be restored to their litigation positions existing on the date of execution of Settlement Agreement; and (e) the Parties shall proceed in all respects as if the Settlement Agreement and related documentation and orders had not been executed,

and without prejudice in any way from the negotiation or fact of the Settlement or the terms of the Settlement Agreement. In such an event, this Court's orders regarding the Settlement, including this Preliminary Approval Order, shall not be used or referred to in litigation, or any arbitration or other civil or administrative proceeding, for any purpose. Nothing in the foregoing paragraph is intended to alter the terms of the Settlement Agreement with respect to the effect of the Settlement Agreement if it is not approved.

18. The Court directs that the following deadlines are established by this Preliminary Approval Order:

a. Class Notice shall be sent in accordance within the Settlement Agreement to members of the Class and PAGA Workers within thirty (30) daysafter submission of the PayPal information to the Claims Administrator. .

b. The Notice Period means the forty-five (45) calendar day period which begins on the Notice Date.

c. Plaintiff's Motion for Attorney's Fees, Costs, and Class Representative Service Award shall be filed by no later than 35 days before the Final Approval Hearing

d. Requests for exclusion shall be mailed to the Settlement Administrator and postmarked within the Notice Period. Any Class Member may seek exclusion from the Settlement, except the PAGA portion of the settlement as provided in the Settlement Agreement. Requests for exclusion that do not comply with this paragraph and the requirements set forth in the Settlement Agreement and Class Notice shall not be effective.

e. Objections to the Class Settlement shall be filed with the Court and either filed or postmarked within the Notice Period. Objections must state the specific grounds on which they are being made and include all supporting facts. If an objector intends to appear at the Final Approval Hearing, either in person or through an attorney, the objector must file and serve with the objection a notice of intention to appear at the Final Approval Hearing. Objections that do not comply with this requirement and

the requirements set forth in the Settlement Agreement and Class Notice shall not be considered.

f. Challenge to the estimated Individual Settlement Payment and PAGA Worker Payment amounts shall be mailed to the Settlement Administrator and postmarked within the Notice Period. Challenges that do not comply with this paragraph and the requirements set forth in the Settlement Agreement and Class Notice shall not be effective.

g. Plaintiff's Motion for Final Approval of Class Action Settlement shall be filed by no later than 35 days before the Final Approval Hearing

h. Final Approval Hearing shall be held March 16, 2027 at 11:00 a.m. ~~p.m. in Courtroom 10 of this Court~~. via Zoom.

19. Pending further order of this Court, all proceedings in this matter other than those contemplated herein and in the Settlement Agreement are stayed.

20. This Court reserves the right to adjourn or continue the Final Approval Hearing from time to time without further notice to Class Members.

**IT IS SO ORDERED.**

Dated: October 21, 2026

~~Hon. Araceli Martinez-Olguin~~
~~U.S. District Court Judge~~
Hon. Robert M. Illman
U.S. Magistrate Judge

4897-3812-5861.3 / 127507.1001